UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGELIC NALUBEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-10124-JGD |
| CAMBRIDGE HOUSING | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND
ORDER ON DEFENDANT'S MOTION TO STRIKE**

September 30, 2013

DEIN, U.S.M.J.

The plaintiff, Angelic Nalubega ("Nalubega"), has brought this action against the

defendant, Cambridge Housing Authority ("CHA"), seeking to reverse CHA's decision to

terminate Nalubega from the Section 8 Housing Choice Voucher Program.  CHA

terminated Nalubega's Section 8 housing voucher in 2011, after it determined that she

had allowed her boyfriend, Jason Monteiro ("Monteiro"), to live in her apartment and to

engage in drug dealing from the apartment.  By her complaint, Nalubega has asserted a

claim for relief in the nature of certiorari, pursuant to Mass. Gen. Laws ch. 249, § 4,

alleging that the defendant committed errors of law in connection with the termination of

her Section 8 benefits, and that its decision was not based on substantial evidence in the

record (Count I).  In addition, Nalubega has asserted a claim against CHA, pursuant to 42

U.S.C. § 1983, by which she alleges that the defendant's actions in connection with the termination proceedings deprived her of her constitutional right to procedural due process (Count II).

The matter is presently before the court on the parties' cross-motions for summary judgment  (Docket Nos. 29 and 30).  In connection with its opposition to Nalubega's summary judgment motion, CHA has filed a Motion to Strike (Docket No. 37) by which it is seeking an order striking 22 paragraphs from the Affidavit of Angelic Nalubega, including paragraphs 1-11, 13, 15, 17-18, 20, 22, 24-25, 27, 30 and 31.  The defendant contends that the challenged testimony is outside the record that was before the CHA at the time it decided to terminate Nalubega's participation in the Section 8 program, and that therefore, the testimony "should not be considered by this Court to determine whether the decision under review is supported by substantial evidence."  (Mot. to Strike at 2).  For the reasons described below, the defendant's motion to strike is DENIED.

### A.   Nalubega's Affidavit

Nalubega submitted her affidavit in support of her motion for summary judgment. The paragraphs challenged by CHA in its motion to strike provide limited background information regarding Nalubega, her participation in CHA's Section 8 Housing Choice Voucher Program, and her relationship with Monteiro.  (Nalubega Aff. (Docket No. 29-44) ¶¶ 1-7, 13, 30).  They also present facts supporting her position that Monteiro never resided in her apartment, and that she had no knowledge that any drug-related activity was occurring in her home.  (Id. ¶¶ 8-11, 15).  Finally, the paragraphs at issue contain

facts pertaining to the communications Nalubega had with CHA, the notice and hearings she received from the defendant in connection with the termination proceedings, and her efforts to obtain counsel to represent her during her appeal of the termination decision. (Id. ¶¶ 17-18, 20, 22, 24-25, 27, 31).

### B.   CHA's Challenge to the Affidavit

As described above, CHA has moved to strike the challenged portions of Nalubega's Affidavit on the grounds that such testimony is outside the record that was considered by the CHA in connection with its termination decision, and cannot be considered by the court in an action brought in the nature of certiorari.  It is undisputed that when faced with a claim in the nature of certiorari, the court's function is a narrow one, which involves a determination as to whether the defendant's decision was legally tenable and supported by substantial evidence contained in the administrative record.  See Durbin v. Bd. of Selectmen of Kingston, 62 Mass. App. Ct. 1, 5, 814 N.E. 2d 1121, 1126 (2004) (explaining that "[t]he relief sought in an action in the nature of certiorari is to correct substantial errors of law *apparent on the record*" and that court is limited to reviewing the record to determine whether the underlying decision "was supported by substantial evidence" (emphasis in original) (quotations and citations omitted)).  Thus, in such an action, the court's review is confined to the underlying record, and it is not appropriate for the court to consider evidence that was not presented to the defendant in connection with the proceedings before it.  Nevertheless, Nalubega argues that this court may consider the testimony contained in her Affidavit because it consists of evidence that

3

may be considered in connection with her due process claim, and because it conveys

information that was presented to CHA and cannot be considered  "new" or beyond the

scope of the administrative record.  (Pl. Opp. (Docket No. 41) at 1-2).  This court agrees

for the reasons that follow.

Much of the testimony contained in Nalubega's Affidavit, including the testimony

set forth in paragraphs 17-18, 20, 22, 24-25, 27 and 31, pertains to the plaintiff's claim

that she was deprived of procedural due process, including her claim that she was not

afforded sufficient time to obtain counsel for her first appeal from the termination

decision.  The defendant does not dispute that it is appropriate for this court to consider

such facts in connection with its analysis of the due process claim.  (See Mot. to Strike at

2 n.1).  In fact, CHA has represented that it is not moving to strike portions of the

Affidavit that relate to the due process issue.  (Id.).  Accordingly, the motion to strike

those paragraphs is denied.

This court also finds that there is no basis to strike the remaining paragraphs

challenged by CHA in its motion to strike.  For the most part, the testimony set forth in

those paragraphs is consistent with evidence that is contained in the written record or was

presented at the hearings before the CHA Conference Panels that considered Nalubega's

appeal.  Because it does not materially alter the evidence contained in the underlying

record, this court finds that the testimony may be considered in connection with this

court's analysis of Nalubega's claim under Mass. Gen. Laws ch. 249, § 4.  To the extent

this court determines that any portions of the challenged paragraphs differ in some

4

respect from the evidence contained in the administrative record, it will rely only on the

evidence contained in the record.  Accordingly, there is no need to strike any portion of

Nalubega's Affidavit, and the defendant's motion to strike is denied.

    / s / Judith Gail Dein

Judith Gail Dein
United States Magistrate Judge
